UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO. 8.23-cr-12-VMC-MRM
                                                 21 U.S.C. § 841(a)(1)
                                                 18 U.S.C. § 924(c)
ANDRE ADAMS, JR.                                 18 U.S.C. § 922(g)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about August 4, 2022, in the Middle District of Florida, the defendant,

ANDRE ADAMS, JR.,

did knowingly and intentionally possess with intent to distribute a controlled substance. The violation involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and 40 grams or more of a mixture and substance containing a detectable amount of fentanyl.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

### COUNT TWO

On or about August 4, 2022, in the Middle District of Florida, the defendant,

ANDRE ADAMS, JR.,

did knowingly possess a firearm in furtherance of, a drug trafficking crime for which

the defendant may be prosecuted in a Court of the United States, specifically, as alleged in Count One above.

In violation of 18 U.S.C. § 924(c)(1)(A)(i).

## COUNT THREE

On or about August 4, 2022, in the Middle District of Florida, the defendant,

ANDRE ADAMS, JR.,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Possession of Cocaine, on or about August 20, 2004
2. Fleeing to Elude, on or about August 20, 2004
3. Obstruction of a Criminal Investigation, on or about August 20, 2004
4. Sale/Delivery of Cocaine, on or about August 20, 2004
5. Possession of Cocaine, on or about August 20. 2004
6. Trafficking in Cocaine, on or about May 23, 2007,

did knowingly possess, in and affecting interstate and foreign commerce, firearms and ammunition, that is,

1. One Sig Sauer, model M18, .9 x 19, semi-automatic pistol;
2. One Bryco Arms, model 38, .32 AUTO, semi-automatic pistol;
3. One Harrington and Richardson revolver;

*[handwritten: AA 1-10-23]*

4. One Radom, model Hellpup, .7.62.x39, semi-automatic ~~pistol~~ *[handwritten: rifle]*, and

5. 47 rounds of ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## FORFEITURE

1. The allegations contained in Counts One through Three are hereby incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 21 U.S.C. § 841(a)(1), the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of a violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(c), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

4. The property to be forfeited includes, but is not limited to, the following:

  a. A Sig Sauer, model M18, .9 x 19, semi-automatic ~~pistol~~ *[handwritten: rifle — error AA 1-10-23; Pistol — AA 1-10-23]*

    b.    A Bryco Arms, model 38, .32 AUTO, semi-automatic pistol;

    c.    A Harrington and Richardson revolver;

    d.    A Radom, model Hellpup, .7.62.x39, semi-automatic ~~pistol~~ rifle [initialed] 1.10.23; and

    e.    Assorted rounds of ammunition seized on or about August 4, 2022.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

Case 8:23-cr-00012-VMC-MRM Document 1 Filed 01/10/23 Page 5 of 6 PageID 5

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL.



_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Shauna S. Hale
Assistant United States Attorney

By: _____
Michael C. Sinacore
Assistant United States Attorney
Deputy Chief, Violent Crimes and Narcotics Section

FORM OBD-34
January 23

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Tampa Division

THE UNITED STATES OF AMERICA

vs.

ANDRE ADAMS, JR.

## INDICTMENT

Violations:   21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)
18 U.S.C. § 924(c)(1)(A)(i)
18 U.S.C. §§ 922(g)(1) and 924(a)(8)

A true bill.

_____
Foreperson

Filed in open court this 10th day

of January, 2023.

_____
Clerk

Bail $_____

GPO 863 525