```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                Case No. 8:23-cr-12-VMC-MRM

ANDRE ADAMS, JR.

_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. # 49), filed on June 29, 2023, recommending that Defendant Andre Adams, Jr.'s Motion to Suppress (Doc. # 20) be denied. Mr. Adams filed an Objection (Doc. # 53) on July 19, 2023.

Upon review, the Court accepts and adopts the Report and Recommendation, overrules the Objection, and denies Mr. Adams' Motion.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v.</u>

1

Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

When considering a report and recommendation, a district judge may "hear additional testimony or the same testimony all over again if [she] decide[s] that would be beneficial in determining the motion." United States v. Marshall, 609 F.2d 152, 154 (5th Cir. 1980). But a district judge "is not required to rehear witness testimony when accepting a magistrate judge's credibility findings." United States v. Cofield, 272 F.3d 1303, 1305 (11th Cir. 2001). Generally,

however, a district judge "must rehear the disputed testimony before rejecting a magistrate judge's credibility determinations." Id. at 1306.

In his Objection, Mr. Adams asserts that Detective Greg Dunlap's affidavit in support of the Residence Warrant contained several intentional or reckless omissions, each of which were critical to the finding of probable cause, and that a hearing was required pursuant to Franks v. Delaware, 438 U.S. 154 (1978). (Doc. # 53 at 3). Further, as to Storage Unit Warrant, Mr. Adams contends that the totality of circumstances presented in Detective Dunlap's affidavit failed to show a fair probability that the possession and sale of narcotics was occurring in and around the residence and on its curtilage. (Id. at 10).

As to the Residence Warrant, Mr. Adams contends that two Franks violations occurred: that Detective Dunlap's affidavit incorrectly stated that the trash pull occurred on June 13, 2022; and (2) that the affidavit did not mention that the three bags containing a white substance — one of which tested positive for fentanyl — were found inside a pill bottle with the name of someone other than Mr. Adams. (Doc. # 20 at 14-15).

In his report and recommendation, Magistrate Judge McCoy explained that Mr. Adams failed to demonstrate that the mistake as to the date of the trash pull was anymore more than negligence or a scrivener's error, neither of which justify a Franks hearing. (Doc. # 49 at 10). Further, Judge McCoy concluded that such an error was not material. (Id. at 11). Likewise, Judge McCoy found that Mr. Adams had not demonstrated that Detective Dunlap intentionally or recklessly omitted the information regarding another individual's name on the pill bottle. (Id. at 13). Judge McCoy further concluded that the name of another individual on the pill bottle does not negate probable cause because probable cause could be established even if other individuals were also possessing and distributing controlled substances out of the residence. (Id. at 13).

As to the Storage Unit Warrant, Mr. Adams contends that Detective Dunlap's opinions and conclusions concerning the CashApp payments were insufficient to establish probable cause because there was no evidence establishing a relationship between the residence, the CashApp transfers, and the storage unit. (Doc. # 53 at 10-11).

In his affidavit, Detective Dunlap explained how his training and experience in narcotics investigations, combined

4

with the present investigation, supported his conclusion that Mr. Adams' behavior was indicative of narcotics dealing. (Id. at 32–33); see (Doc. # 25-1). In particular, Detective Dunlap highlighted Mr. Adams' short visits to the storage unit, as well as his significant CashApp payments over a short period of time. (Doc. # 49 at 32–33).

In his report and recommendation, Judge McCoy explained that the totality of the circumstances – including Mr. Adams' receipt of $67,000 in CashApp payments between January 4, 2022, and March 3, 2022, despite not having meaningful employment, as well as Detective Dunlap's training and experience in the narcotics field – established a fair probability that evidence of the possession and sale of narcotics could be found at the storage unit. (Doc. # 49 at 34). The Court agrees with Judge McCoy that "[o]pinions and conclusions of experienced agents regarding a set of facts are a factor in the probable cause equation." (Id.) (citing United States v. Leach, 498 F. App'x 915, 917 (11th Cir. 2012)).

Thus, upon due consideration of the record, including Judge McCoy's Report and Recommendation as well as Mr. Adams' Objection thereto, the Court overrules the Objection, adopts the Report and Recommendation, and denies the Motion to

5

Suppress. The Court agrees with Judge McCoy's detailed findings of fact and conclusions of law. The Report and Recommendation thoughtfully addresses the issues presented, and the Objection does not provide a basis for rejecting the Report and Recommendation.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 49) is **ACCEPTED** and **ADOPTED.**

(2) Defendant Andre Adams, Jr.'s Motion to Suppress (Doc. # 20) is **DENIED.**

**DONE and ORDERED** in Chambers in Tampa, Florida, this 4th day of August, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE